## MILK WAGON DRIVERS' UNION OF CHICAGO, LOCAL 753, et al. v. ASSOCIATED MILK DEALERS et al.

### No. 2335.

District Court, N. D. Illinois, E. D.

May 5, 1941.

Gann, Secord, Stead & McIntosh, of Chicago, Ill., for Sidney Wanjer & Sons, Inc.

Cecil I. Crouse and Philip S. Campbell, both of Chicago, Ill., for Borden Co.

Montgomery, Hart, Pritchard & Herriott, of Chicago, Ill., for Bowman Dairy Co.

Simon A. Murray, of Chicago, Ill., for Boyda Dairy Co.

Arthur R. Seelig, of Chicago, Ill., for C. J. Wieland & Son, Inc.

Isadore Fried, of Chicago, Ill., for Capitol Dairy Co.

Edward H. Murnane and James A. Harrington, both of Chicago, Ill., for Western United Dairy Co.

672

Abraham Lepine, and Pines, Stein & Beber, all of Chicago, Ill., for Wrightwood Dairy Co.

Packard, Barnes, Schumacher & Gilmore, of Chicago, Ill., for Associated Milk Dealers, Inc.

HOLLY, District Judge.

This is an action brought by the Milk Wagon Drivers' Union of Chicago, Local 753, a voluntary association, and the various officers and trustees of that organization, against some twenty-five milk dealers operating in the City of Chicago, for the recovery of certain back wages claimed to be due to the drivers of their wagons, members of the plaintiff union, under the terms of a certain arbitration agreement. Plaintiff prayed for an accounting from each of the defendants for any monies due and owing to the individual employees who were members of the plaintiff union, and that a decree be entered requiring each of the defendants to pay plaintiffs the sum of $371,700 for the benefit of the Milk Wagon Drivers' employees of the defendants. Defendants have moved to dismiss the complaint.

The motion of defendants to dismiss must be sustained.

This is not a proper class action. Each milk wagon driver has his individual claim which he is entitled himself to prosecute. It would be a strange situation indeed if some one else, either labor union or labor union officer, were permitted to institute an action embodying the claims of perhaps thousands of individuals and they, without ever knowing such an action was instituted, were to be bound by the result of that suit. Hansberry, et al. v. Lee, et al., 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741. As Justice Shaw said in his dissenting opinion in the same case in the state court, Lee v. Hansberry, 372 Ill. 369, 377, 24 N.E.2d 37, 41, "Certainly no man's rights can be safe under such a rule of law."

Counsel for plaintiffs say this is not brought as a class action, but on no other theory may a suit for the benefit of many others, to which they are not made parties, be maintained.

An order accordingly will be entered May 5, 1941, at 10 o'clock, A. M.