**Joe Garrison SMITH, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 16965.**

United States Court of Appeals Seventh Circuit.

Nov. 18, 1968.

Joe Garrison Smith, pro se.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before CASTLE, Chief Judge, SWYGERT and KERNER, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal from a summary judgment for the respondent, United States of America. In his petition, Joe Garrison Smith sought the return of approximately $400 confiscated by the Government. The petitioner alleged that he was the owner of the amount in question and that these funds had been seized at his residence in Indianapolis, Indiana, on March 19, 1966 by Government agents.

In its motion for summary judgment, the Government asserted that the issue of the ownership of these funds had been adjudicated in a prior action and that by virtue of the decision and judgment in that case the petitioner was precluded from asserting his claim in the instant proceeding. The district court granted summary judgment, ruling that the earlier adjudication was controlling. To estimate the effect of the prior judgment it is necessary to sketch the factual background of the earlier proceeding. The district court records indicate that on May 18, 1966, the Anthony Wayne Bank, Fort Wayne, Indiana, was burglarized of approximately $393.26. Shortly thereafter, Joe Garrison Smith and another person were apprehended in Indianapolis and the sum of $383.93 was seized from the premises which they occupied. On September 6, 1966, the Ohio Farmers Insurance Group filed a petition in the district court for the Northern District of Indiana for the release to it of the confiscated money which was then in the custody of the United States Marshal. In its petition the insurance company alleged that pursuant to its bonding agreement with the Anthony Wayne Bank it had paid the sum of $393.26 and was therefore subrogated to the bank's claim to the allegedly stolen funds. A proof of loss form was attached to the petition substantiating the subrogation claim.

Since the district court was unable to ascertain from the insurance company's petition the persons from whom the allegedly stolen money had been taken, the Marshal was directed to supply Ohio Farmers with the names and last known addresses of those persons. Thereafter the court directed counsel for Ohio Farmers to send to the petitioner a copy of the notice of the hearing to be held on the insurance company's petition. On November 16, 1966, a notice was mailed (certified) to the petitioner at the Indianapolis address from which the confiscated money was taken eight months previously. The mailing was not returned to the sender, Ohio Farmers.

On December 20, 1966, a hearing was held by the district court at which the present petitioner, Smith, appeared neither in person nor by counsel. After considering the matter, the court entered an order directing the Marshal to turn over to Ohio Farmers the sum confiscated.

The prior adjudication in favor of Ohio Farmers is urged by the Government as a sufficient ground for the summary denial of the instant petition. As we shall demonstrate, this earlier determination was void as to petitioner Smith and therefore could not have been relied upon to estop the assertion of his claim here.

Notwithstanding the Government's contention, this suit involves the application of the doctrine of collateral estoppel rather than res judicata. Although both doctrines have the same judicial objective-finality, the operational difference between them is settled. Under the doctrine of res judicata a judgment, when rendered on the merits, is an absolute bar to a subsequent action between the same parties or those in privity with them upon the same claim or demand, whereas under the collateral estoppel doctrine such a judgment constitutes an estoppel as to issues that were necessarily litigated and determined even though the claim or demand in the subsequent action is different. This distinction was recognized in Lawlor v. National Screen Service Corp., 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

■■ It is fundamental that before a judgment can have the effect of collateral estoppel between the parties and those in privity with them, the judgment must be valid. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); if it is void, it is subject to collateral attack at any time and in any proceeding. Consequently, if an in rem judgment is to be valid and not subject to collateral attack, the court must have jurisdiction over the res and reasonable notice must be given pursuant to applicable statute or court rules. The absolute necessity of proper notice was clearly stated in City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), in which a city's collateral attack upon a railroad reorganization decree barring the city's tax liens was sustained because of the failure of the reorganization court to give reasonable notice to the city.

■ Examining the facts before us pertaining to the sufficiency of notice given to the petitioner, Smith, in the prior adjudication, we find that the notice was inadequate so as to deprive the prior judgment of any collateral estoppel effect with respect to the petitioner. Since the earlier lawsuit was instituted in the federal court, we must rely on the notice provisions of Fed.R.Civ.P. 4(d) for guidance.[1] From the facts, as gleaned from the record before us, it is manifest that neither the personal service nor the abode service techniques prescribed by Fed.R.Civ.P. 4(d) (1) was followed. Moreover, the provisions of Fed.R.Civ.P. 4(d) (7), allowing notice to be given in the manner prescribed by the law of the state in which the district court sits, is of no help to the Government. Under the applicable state law, that of Indiana, service of summons must be served personally or by leaving a copy thereof at the defendant's last place of residence. Burns' Ind.Stat.Ann. § 2–803 (1967).[2] The only mention of service by mail under Indiana law is contained in Rule 1–1B of the Indiana Supreme Court.[3] The rule states that, "[w]here a summons is not served personally upon an individual defendant by reading, the sheriff shall forthwith mail * * * [the summons] to his last known address." In the case at bar the service was not carried out in the manner specified by state law since the applicable court rule required the United States Marshal, the sheriff's counterpart, to do the mailing. Here the mailing was done by Ohio Farmers' counsel. This failure to provide proper notice of the earlier proceeding is of extreme importance. Not only does the petitioner claim that

---

1. Fed.R.Civ.P. 4(d) provides in relevant part:
   (d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
   (1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein * * *.
       * * *
   (7) Upon a defendant of any class referred to in a paragraph (1) * * * of this subdivision of this rule, it is also sufficient if the summons and complaint are served * * * in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

2. Burns' Ind.Stat.Ann. § 2–803 (1967) provides in relevant part:
   The summons shall be served, either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence.

3. Indiana Supreme Court Rule 1–1B provides in part:
   In all cases * * * where a summons is not served personally upon an individual defendant by reading, the sheriff shall forthwith mail a copy of the summons in addition to such other service as may be made, constructive or otherwise, to his last known mailing address.

he never received notice of the first proceeding which is now claimed to have determined his rights, but he also alleges what appears to be a good defense to the earlier in rem action, namely, that he was never indicted for the bank robbery which triggered the consfiscation of the money which here is in issue; in fact, a "no bill" was returned against him on the bank robbery charge. Accepting this contention of the petitioner as true (as we must in this summary judgment situation) there can be no doubt that the petitioner has been improperly denied his day in court and that he should be afforded an opportunity to litigate his claim. Regarding the inadequacy of notice issue, it is additionally apparent that the petitioner raises questions which cast doubt on the correctness of the prior disposition of the confiscated money.

For the foregoing reasons, the judgment of the district court is reversed and the case is remanded for further proceedings.