**664**

CONSTRUCTION INDUSTRY COMBINED COMMITTEE et al.,
Plaintiffs,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 513, AFL-CIO, and Equal Employment Opportunity Commission, Defendants.

No. 75-215C(4).

United States District Court,
E. D. Missouri, E. D.

July 7, 1975.

Millar, Schaefer, Ebling & Wallace, St. Louis, Mo., for plaintiffs.

Gruenberg & Souders, Gretchen D. Huston, St. Louis, Mo., for defendants.

MEMORANDUM

NANGLE, District Judge.

This memorandum is issued in support of the order filed July 3, 1975, dismissing the action with prejudice.

This action is before the Court upon the separate motions of the defendants to dismiss.

Plaintiffs Construction Industry Combined Committee ("CICC") and J. S. Alberici Construction Co., Inc. ("Alberici") sought to prevent enforcement of a consent decree entered January 20, 1975, by Judge Regan in this Court in civil action No. 71 C 559(2).

Plaintiffs sought to bring this action as a class action on behalf of all contractors who are members of the Associated General Contractors of St. Louis, the Site Improvement Association, the Home Builders Association, and the Erectors and Riggers Association. The class includes contractors who have entered separate collective bargaining agreements with defendant International Union of Operating Engineers, Local 513 ("Local 513"), and those who have designated CICC as their agent to bargain collectively with Local 513.

Civil action No. 71 C 559(2) was originally commenced on September 8, 1971, by the United States to remedy racial discrimination against blacks employed in the construction industry in the St. Louis, Missouri, area. The suit was brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendants in that action were certain individuals, contractors, and labor organizations active in the local construction industry. Included among the original defendants were Local 513, defendant herein, the Associated General Contractors of St. Louis, the Site Improvement Association, and the Home Builders Association of Greater St. Louis.

The consent decree filed on January 20, 1975, in civil action No. 71 C 559(2), amicably resolved the claims of the Equal Employment Opportunity Commission [1] ("EEOC") against Local 513 without a Court finding on the issue of discrimination. The consent decree provided for Local 513 to add certain numbers of blacks to its membership, the Local's cooperation with black training programs, work referral procedures, and statistical reporting procedures. The controversy which prompted this action resulted from a conflict between the provisions of the applicable collective bargaining agreement and of the consent decree with respect to the selection and referral of workers by Local 513 to the contractors for work assignments. Generally, plaintiff Alberici made requests for specific workers under the collective bargaining agreement; Local 513 referred workers pursuant to the consent decree. Those persons referred by Local 513 who were not employed by Alberici have filed grievances and demanded arbitration pursuant to the collective bargaining agreement.

Plaintiffs allege that, since they were not party to the consent decree in civil action No. 71 C 559(2), and because the consent decree effects a preference for minority individuals over non-minority individuals in the Local 513 referral procedures, there are thereby violated the provisions of 42 U.S.C. §§ 2000e-2(h) and 2000e-2(j), and the Fifth Amendment to the Constitution of the United States. Plaintiffs seek (1) to restrain the EEOC and Local 513 from enforcing the consent decree in civil action No. 71 C 559(2), (2) to restrain Local 513 and its members from invoking the grievance and arbitration provisions of the collective bargaining agreement, (3) a declaratory judgment that the consent decree violates plaintiffs' rights, (4) substantial damages against Local 513, and (5) attorney's fees.

Local 513 moves to dismiss the complaint on the grounds *inter alia* that the plaintiffs in this action participated in civil action No. 71 C 559(2) as defendants before they were dismissed from that action prior to entry of the subject consent decree. Therefore, it is argued, plaintiffs may not relitigate *de novo* the merits of the consent decree and place the defendants herein in the possible position of being bound by inconsistent judgments.

The EEOC moves to dismiss the complaint on the grounds that *inter alia* the Court is without subject matter jurisdiction to relitigate the merits of a judgment of another judge of this Court in another action.

I am of the opinion that, other issues aside, plaintiffs should not litigate the merits of the subject consent decree in a separate action.

The EEOC has cited the Court to the recent oral opinion of Judge Marshall, Northern District of Illinois, in *Robinson v. Conlisk*, No. 73 C 2220 (unpublished transcript of proceedings on December 26, 1974). In those actions the plaintiffs sought to prevent receipt by the City of Chicago of federal revenue sharing funds while there existed racial and sexual discrimination in the city's police department. See 31 U.S.C. § 1242(a). The City of Chicago petitioned the Illinois district court to enjoin the plaintiff from proceeding to enforce a judgment entered in the District of Columbia district court in an action involving similar issues and to require disbursement of revenue sharing funds to the City of Chicago. The City of Chicago was not a party defendant in the District of Columbia action.

Judge Marshall, noting that the District of Columbia judgment order was not void and that the District of Columbia court had subject matter jurisdiction of the action, denied the relief sought by the City of Chicago. The grounds for

1. On January 17, 1975, the Equal Employment Opportunity Commission was substituted for the United States as plaintiff in civil action No. 71 C 559(2).

the denial included the opinion that the extraordinary remedies of injunction, mandamus, and prohibition, sought by the City of Chicago, should not be substituted for the less extraordinary remedies of intervention and appeal in the District of Columbia action. This is especially true where the party opposing this relief could be faced with not merely inconsistent but contradictory judgments. The City's appeal from Judge Marshall's order was ultimately dismissed by the Court of Appeals for the Seventh Circuit on January 16, 1975, pursuant to Rule 42(b), Federal Rules of Appellate Procedure.

I take no position on whether the plaintiffs herein sufficiently participated in civil action No. 71 C 559(2) to be estopped from attacking the consent decree, whether the plaintiffs should be allowed to intervene in civil action No. 71 C 559(2), or whether the subject consent decree was proper in face of plaintiffs' claims. I believe plaintiffs should seek their remedy in the other action before attacking the judgment before a judge of co-equal authority. For this reason I believe the action must be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.Proc. 12(b)(1).