618 F.2d 272
 26 Fair Empl.Prac.Cas. 1733,
23 Empl. Prac. Dec. P 30,993
R. D. THAGGARD et al., Plaintiffs-Appellants,
v.
The CITY OF JACKSON, MISSISSIPPI, a Municipal Corporation,
et al., Defendants-Appellees.
Ronald N. ASHLEY, Plaintiff-Appellant,
v.
CITY OF JACKSON et al., Defendants-Appellees.
R. D. THAGGARD et al., Plaintiffs-Appellants,
v.
CITY OF JACKSON et al., Defendants-Appellees.
 Nos. 78-2980, 78-3642.
 United States Court of Appeals,
Fifth Circuit.
 June 2, 1980.
 
 Ronald N. Ashley, pro se, Dixon L. Pyles, Jackson, Miss., for plaintiffs-appellants.
 John E. Stone, City Atty., Jackson, Miss., Gerald S. Hartman, Drew S. Days, III, Asst. Atty. Gen., David L. Rose, S. Theodore Merritt, Attys., U. S. Dept. of Justice, Employment Sec., Civil Rights Div., Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendants-appellees.
 Appeals from the United States District Court for the Southern District of Mississippi.
 Before HATCHETT and TATE, Circuit Judges, and GROOMS*, District Judge.
 PER CURIAM:
 
 
 1
 In this consolidated action, appellants, Thaggard and Ashley, appeal a district court dismissal of their reverse discrimination suits which challenge the hiring and promotional practices of the City of Jackson, as set forth in earlier consent decrees. Because we find appellants' challenges impermissible collateral attacks, we affirm.
 
 
 2
 The question whether appellants may intervene in the original actions is not before us. Rather , the question is whether appellants may collaterally attack the City of Jackson's compliance with two lawfully entered consent decrees. We hold that such collateral attacks are impermissible under Prate v. Freedman, 430 F.Supp. 1373 (W.D.N.Y.), aff'd, 573 F.2d 1294 (2nd Cir. 1977), cert. denied 436 U.S. 922, 98 S.Ct. 2274, 56 L.Ed.2d 765 (1978); O'Burn v. Shapp, 70 F.R.D. 549 (E.D.Pa.), aff'd, 546 F.2d 417 (3rd Cir. 1976), cert. denied, 430 U.S. 968, 97 S.Ct. 1650, 52 L.Ed.2d 359 (1977). Cf. Smith v. Missouri Pacific Railroad Co., 615 F.2d 683 (5th Cir. 1980). (Smith involved a Rule 60(b) challenge upon a lawfully entered "Agreed Order." This court ruled that the district court did not abuse its discretion in denying the motion. The court also stated that to allow Rule 60(b) reevaluations of civil rights settlements, in this instance two years after settlement, would violate both the finality and integrity of the settlement process.)
 
 
 3
 Accordingly, we affirm the district court's dismissal.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Senior District Judge of the Northern District of Alabama sitting by designation