## HANSBERRY ET AL. *v.* LEE ET AL.

No. 29.  Argued October 25, 1940.—Decided November 12, 1940.

*Mr. Earl B. Dickerson,* with whom *Messrs. Truman K. Gibson, Jr., C. Francis Stradford, Loring B. Moore,* and *Irvin C. Mollison* were on the brief, for petitioners.

34

*Mr. McKenzie Shannon*, with whom *Messrs. Angus Roy Shannon, William C. Graves*, and *Preston B. Kavanagh* were on the brief, for respondents.

Mr. Justice Stone delivered the opinion of the Court.

The question is whether the Supreme Court of Illinois, by its adjudication that petitioners in this case are bound by a judgment rendered in an earlier litigation to which they were not parties, has deprived them of the due process of law guaranteed by the Fourteenth Amendment.

Respondents brought this suit in the Circuit Court of Cook County, Illinois, to enjoin the breach by petitioners of an agreement restricting the use of land within a described area of the City of Chicago, which was alleged to have been entered into by some five hundred of the landowners. The agreement stipulated that for a specified period no part of the land should be "sold, leased to or permitted to be occupied by any person of the colored

race," and provided that it should not be effective unless signed by the "owners of 95 per centum of the frontage" within the described area. The bill of complaint set up that the owners of 95 per cent of the frontage had signed; that respondents are owners of land within the restricted area who have either signed the agreement or acquired their land from others who did sign; and that petitioners Hansberry, who are Negroes, have, with the alleged aid of the other petitioners and with knowledge of the agreement, acquired and are occupying land in the restricted area formerly belonging to an owner who had signed the agreement.

To the defense that the agreement had never become effective because owners of 95 per cent of the frontage had not signed it, respondents pleaded that that issue was *res judicata* by the decree in an earlier suit. *Burke* v. *Kleiman*, 277 Ill. App. 519. To this petitioners pleaded, by way of rejoinder, that they were not parties to that suit or bound by its decree, and that denial of their right to litigate, in the present suit, the issue of performance of the condition precedent to the validity of the agreement would be a denial of due process of law guaranteed by the Fourteenth Amendment. It does not appear, nor is it contended that any of petitioners is the successor in interest to or in privity with any of the parties in the earlier suit.

The circuit court, after a trial on the merits, found that owners of only about 54 per cent of the frontage had signed the agreement, and that the only support of the judgment in the *Burke* case was a false and fraudulent stipulation of the parties that owners of 95 per cent had signed. But it ruled that the issue of performance of the condition precedent to the validity of the agreement was *res judicata* as alleged and entered a decree for respondents. The Supreme Court of Illinois affirmed. 372 Ill. 369; 24 N. E. 2d 37. We granted certiorari to resolve the constitutional question. 309 U. S. 652.

The Supreme Court of Illinois, upon an examination of the record in *Burke* v. *Kleiman, supra,* found that that suit, in the Superior Court of Cook County, was brought by a landowner in the restricted area to enforce the agreement, which had been signed by her predecessor in title, in behalf of herself and other property owners in like situation, against four named individuals, who had acquired or asserted an interest in a plot of land formerly owned by another signer of the agreement; that, upon stipulation of the parties in that suit that the agreement had been signed by owners of 95 per cent of all the frontage, the court had adjudged that the agreement was in force, that it was a covenant running with the land and binding all the land within the described area in the hands of the parties to the agreement and those claiming under them, including defendants, and had entered its decree restraining the breach of the agreement by the defendants and those claiming under them, and that the appellate court had affirmed the decree. It found that the stipulation was untrue but held, contrary to the trial court, that it was not fraudulent or collusive. It also appears from the record in *Burke* v. *Kleiman* that the case was tried on an agreed statement of facts which raised only a single issue, whether by reason of changes in the restricted area, the agreement had ceased to be enforcible in equity.

From this the Supreme Court of Illinois concluded in the present case that *Burke* v. *Kleiman* was a "class" or "representative" suit, and that in such a suit, "where the remedy is pursued by a plaintiff who has the right to represent the class to which he belongs, other members of the class are bound by the results in the case unless it is reversed or set aside on direct proceedings"; that petitioners in the present suit were members of the class represented by the plaintiffs in the earlier suit and consequently were bound by its decree, which had rendered

the issue of performance of the condition precedent to the restrictive agreement *res judicata,* so far as petitioners are concerned. The court thought that the circumstance that the stipulation in the earlier suit that owners of 95 per cent of the frontage had signed the agreement was contrary to the fact, as found in the present suit, did not militate against this conclusion, since the court in the earlier suit had jurisdiction to determine the fact as between the parties before it, and that its determination, because of the representative character of the suit, even though erroneous, was binding on petitioners until set aside by a direct attack on the first judgment.

State courts are free to attach such descriptive labels to litigations before them as they may choose and to attribute to them such consequences as they think appropriate under state constitutions and laws, subject only to the requirements of the Constitution of the United States. But when the judgment of a state court, ascribing to the judgment of another court the binding force and effect of *res judicata,* is challenged for want of due process it becomes the duty of this Court to examine the course of procedure in both litigations to ascertain whether the litigant whose rights have thus been adjudicated has been afforded such notice and opportunity to be heard as are requisite to the due process which the Constitution prescribes. *Western Life Indemnity Co.* v. *Rupp,* 235 U. S. 261, 273.

It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process. *Pennoyer* v. *Neff,* 95 U. S. 714; 1 Freeman on Judgments (5th ed.), § 407. A judgment rendered in such circumstances is not entitled to the full faith and credit which the Constitution and statute of the United States, R. S. § 905, 28 U. S. C. § 687, pre-

scribe, *Pennoyer* v. *Neff, supra; Lafayette Ins. Co.* v. *French,* 18 How. 404; *Hall* v. *Lanning,* 91 U. S. 160; *Baker* v. *Baker, Eccles & Co.,* 242 U. S. 394; and judicial action enforcing it against the person or property of the absent party is not that due process which the Fifth and Fourteenth Amendments require. *Postal Telegraph Cable Co.* v. *Newport,* 247 U. S. 464; *Old Wayne Mutual Life Assn.* v. *McDonough,* 204 U. S. 8.

To these general rules there is a recognized exception that, to an extent not precisely defined by judicial opinion, the judgment in a "class" or "representative" suit, to which some members of the class are parties, may bind members of the class or those represented who were not made parties to it. *Smith* v. *Swormstedt,* 16 How. 288; *Royal Arcanum* v. *Green,* 237 U. S. 531; *Hartford Life Ins. Co.* v. *Ibs,* 237 U. S. 662; *Hartford Life Ins. Co.* v. *Barber,* 245 U. S. 146; *Supreme Tribe of Ben-Hur* v. *Cauble,* 255 U. S. 356; cf. *Christopher* v. *Brusselback,* 302 U. S. 500.

The class suit was an invention of equity to enable it to proceed to a decree in suits where the number of those interested in the subject of the litigation is so great that their joinder as parties in conformity to the usual rules of procedure is impracticable. Courts are not infrequently called upon to proceed with causes in which the number of those interested in the litigation is so great as to make difficult or impossible the joinder of all because some are not within the jurisdiction or because their whereabouts is unknown or where if all were made parties to the suit its continued abatement by the death of some would prevent or unduly delay a decree. In such cases where the interests of those not joined are of the same class as the interests of those who are, and where it is considered that the latter fairly represent the former in the prosecution of the litigation of the issues in which all have a common interest, the court will

proceed to a decree. *Brown* v. *Vermuden,* Ch. Cas. 272; *City of London* v. *Richmond,* 2 Vern. 421; *Cockburn* v. *Thompson,* 16 Ves. Jr. 321; *West* v. *Randall,* Fed. Cas. No. 17,424; 2 Mason 181; *Beatty* v. *Kurtz,* 2 Pet. 566; *Smith* v. *Swormstedt, supra; Supreme Tribe of Ben-Hur* v. *Cauble, supra;* Story, Equity Pleading (2d ed.) § 98.

It is evident that the considerations which may induce a court thus to proceed, despite a technical defect of parties, may differ from those which must be taken into account in determining whether the absent parties are bound by the decree or, if it is adjudged that they are, in ascertaining whether such an adjudication satisfies the requirements of due process and of full faith and credit. Nevertheless, there is scope within the framework of the Constitution for holding in appropriate cases that a judgment rendered in a class suit is *res judicata* as to members of the class who are not formal parties to the suit. Here, as elsewhere, the Fourteenth Amendment does not compel state courts or legislatures to adopt any particular rule for establishing the conclusiveness of judgments in class suits; cf. *Brown* v. *New Jersey,* 175 U. S. 172; *Brown* v. *Mississippi,* 297 U. S. 278; *United Gas Public Service Co.* v. *Texas,* 303 U. S. 123; *Avery* v. *Alabama,* 308 U. S. 444, 446, 447, nor does it compel the adoption of the particular rules thought by this Court to be appropriate for the federal courts. With a proper regard for divergent local institutions and interests, cf. *Jackson County* v. *United States,* 308 U. S. 343, 351, this Court is justified in saying that there has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protection of the interests of absent parties who are to be bound by it. *Chicago, B. & Q. R. Co.* v. *Chicago,* 166 U. S. 226, 235.

It is familiar doctrine of the federal courts that members of a class not present as parties to the litigation

may be bound by the judgment where they are in fact adequately represented by parties who are present, or where they actually participate in the conduct of the litigation in which members of the class are present as parties, *Plumb* v. *Goodnow's Administrator*, 123 U. S. 560; *Confectioners' Machinery Co.* v. *Racine Engine & Mach. Co.*, 163 F. 914; 170 F. 1021; *Bryant Electric Co.* v. *Marshall*, 169 F. 426, or where the interest of the members of the class, some of whom are present as parties, is joint, or where for any other reason the relationship between the parties present and those who are absent is such as legally to entitle the former to stand in judgment for the latter. *Smith* v. *Swormstedt, supra;* cf. *Christopher* v. *Brusselback, supra,* 503, 504, and cases cited.

In all such cases, so far as it can be said that the members of the class who are present are, by generally recognized rules of law, entitled to stand in judgment for those who are not, we may assume for present purposes that such procedure affords a protection to the parties who are represented, though absent, which would satisfy the requirements of due process and full faith and credit See *Bernheimer* v. *Converse*, 206 U. S. 516; *Marin* v. *Augedahl*, 247 U. S. 142; *Chandler* v. *Peketz*, 297 U. S. 609. Nor do we find it necessary for the decision of this case to say that, when the only circumstance defining the class is that the determination of the rights of its members turns upon a single issue of fact or law, a state could not constitutionally adopt a procedure whereby some of the members of the class could stand in judgment for all, provided that the procedure were so devised and applied as to insure that those present are of the same class as those absent and that the litigation is so conducted as to insure the full and fair consideration of the common issue. Compare *New England Divisions Case*, 261 U. S. 184, 197; *Taggart* v. *Bremner*, 236 F. 544.

44

We decide only that the procedure and the course of litigation sustained here by the plea of *res judicata* do not satisfy these requirements.

The restrictive agreement did not purport to create a joint obligation or liability. If valid and effective its promises were the several obligations of the signers and those claiming under them. The promises ran severally to every other signer. It is plain that in such circumstances all those alleged to be bound by the agreement would not constitute a single class in any litigation brought to enforce it. Those who sought to secure its benefits by enforcing it could not be said to be in the same class with or represent those whose interest was in resisting performance, for the agreement by its terms imposes obligations and confers rights on the owner of each plot of land who signs it. If those who thus seek to secure the benefits of the agreement were rightly regarded by the state Supreme Court as constituting a class, it is evident that those signers or their successors who are interested in challenging the validity of the agreement and resisting its performance are not of the same class in the sense that their interests are identical so that any group who had elected to enforce rights conferred by the agreement could be said to be acting in the interest of any others who were free to deny its obligation.

Because of the dual and potentially conflicting interests of those who are putative parties to the agreement in compelling or resisting its performance, it is impossible to say, solely because they are parties to it, that any two of them are of the same class. Nor without more, and with the due regard for the protection of the rights of absent parties which due process exacts, can some be permitted to stand in judgment for all.

It is one thing to say that some members of a class may represent other members in a litigation where the sole and common interest of the class in the litigation, is either to assert a common right or to challenge an

asserted obligation. *Smith* v. *Swormstedt, supra; Supreme Tribe of Ben-Hur* v. *Cauble, supra; Groves* v. *Farmers State Bank,* 368 Ill. 35; 12 N. E. 2d 618. It is quite another to hold that all those who are free alternatively either to assert rights or to challenge them are of a single class, so that any group, merely because it is of the class so constituted, may be deemed adequately to represent any others of the class in litigating their interests in either alternative. Such a selection of representatives for purposes of litigation, whose substantial interests are not necessarily or even probably the same as those whom they are deemed to represent, does not afford that protection to absent parties which due process requires. The doctrine of representation of absent parties in a class suit has not hitherto been thought to go so far. See *Terry* v. *Bank of Cape Fear,* 20 F. 777, 781; *Weidenfeld* v. *Northern Pacific Ry. Co.,* 129 F. 305, 310; *McQuillen* v. *National Cash Register Co.,* 22 F. Supp. 867, 873, aff'd 112 F. 2d 877, 882; *Brenner* v. *Title Guarantee & Trust Co.,* 276 N. Y. 230; 11 N. E. 2d 890; cf. *Wabash R. Co.* v. *Adelbert College,* 208 U. S. 38; *Coe* v. *Armour Fertilizer Works,* 237 U. S. 413. Apart from the opportunities it would afford for the fraudulent and collusive sacrifice of the rights of absent parties, we think that the representation in this case no more satisfies the requirements of due process than a trial by a judicial officer who is in such situation that he may have an interest in the outcome of the litigation in conflict with that of the litigants. *Tumey* v. *Ohio,* 273 U. S. 510.

The plaintiffs in the *Burke* case sought to compel performance of the agreement in behalf of themselves and all others similarly situated. They did not designate the defendants in the suit as a class or seek any injunction or other relief against others than the named defendants, and the decree which was entered did not purport to bind others. In seeking to enforce the agreement the plaintiffs

46

in that suit were not representing the petitioners here whose substantial interest is in resisting performance. The defendants in the first suit were not treated by the pleadings or decree as representing others or as foreclosing by their defense the rights of others; and, even though nominal defendants, it does not appear that their interest in defeating the contract outweighed their interest in establishing its validity. For a court in this situation to ascribe to either the plaintiffs or defendants the performance of such functions on behalf of petitioners here, is to attribute to them a power that it cannot be said that they had assumed to exercise, and a responsibility which, in view of their dual interests it does not appear that they could rightly discharge.

*Reversed.*

MR. JUSTICE MCREYNOLDS, MR. JUSTICE ROBERTS and MR. JUSTICE REED concur in the result.