**James L. RICHMOND, etc.**

v.

**RAILEY'S APPLIANCE CENTER, INC.**

**Civ. A. No. 52–73–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

June 6, 1973.

---

4. See fn. 3, supra.

**642**

Daniel T. Balfour, Maloney & Yeatts, Richmond, Va., for plaintiffs.

Laurence G. Kessler, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

James Richmond brings this action on his own behalf and on behalf of all others similarly situated for damages arising from alleged violations of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., (hereafter "Act") by the defendant appliance retailer.

Jurisdiction is attained by virtue of § 130(e) of the Act, 15 U.S.C. § 1640(e) and 28 U.S.C. § 1337. Richmond seeks damages by prescription of § 130(a) of the Act, 15 U.S.C. § 1640(a), for defendant's alleged failure to comply with § 121, codified in 15 U.S.C. § 1631, and Regulation Z at 12 C.F.R. § 226.8. The parties are presently before the Court for a determination as to whether Richmond may maintain this action as a class suit. Respective counsel having submitted memoranda on the issue thus raised, that question is now ready for disposition.

While Richmond has not so specified, he necessarily seeks to maintain a class pursuant to Rule 23(b)(3), F.R.C.P.[1] That section and Rule 23(a) set forth the criteria as follows:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class

---

1. Because of the undisputed variance in specific retail purchases and possible damages, neither classes pursuant to Rule 23(b)(1) or (2) are appropriate.

action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . . . . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

■ The Court is satisfied that the requirements of Rule 23(a) are met: the class, which allegedly numbers over 1,500 is too numerous to permit joinder, there are common questions of law and fact averred with respect to the alleged violations, the defenses may reasonably be anticipated to be similar and, if a class is maintained, it will fairly and adequately be represented by the plaintiff. Given that conclusion, which meets both the requirements of Rule 23(a) and the first sentence of 23(b)(3), the actual declaration of a class is a matter within sound judicial discretion. See Report of Advisory Committee on Rules, reprinted in Title 28 U.S.C.A. Rule 23 at 299. See generally Hansberry v. Lee, 311 U.S. 32, 42, 61 S.Ct. 115, 85 L.Ed. 22 (1940). See also Ratner v. Chemical Bank, 54 F.R.D. 412 (S.D.N.Y.1972) with respect to exercise of discretion in suits brought under the Act.

Richmond's complaint sets forth three alleged violations of Regulation Z:

1. Failure of the defendant to provide a copy of the Installment Sales Contract to the plaintiff at the time of sale as required by Regulation Z at 12 CFR § 226.8.

2. Alteration of the originally agreed upon finance charges in the sales contract eventually received by Richmond.

3. The requiring of plaintiff to pay an additional amount over and above the amounts stated in the document of sale without explanation.

■ The Court has concluded that the maintenance of a plaintiff class is not appropriate upon the strength of these allegations. Richmond's first allegation, failure to provide a copy of the contract, which, if sustained on the merits, while a violation of Regulation Z, nevertheless states a violation in the nature of an omission or failure to act. While the issue of law is clear and common with respect to all others who have not timely received copies of sales contracts, it is by no means certain or necessarily probable that a sizeable number of defendant's customers have suffered this deprivation. Conceivably, plaintiff might be able to prove a pattern of customer relationships which demonstrates a definable class of customers whose rights under the Act have been violated, but that task poses numerous difficulties in view of defendant's denial of "a uniform relationship with alleged class members." This situation is markedly different from a consumer suit charging deficiencies under Regulation Z upon the face of a sales contract where that contract has admittedly been in uniform use by the defendant retailer. In such a situation there is a clear and discernible commonness between the issues of fact posed by the plaintiff representative and those he purports to represent. See e. g., Hopkins v. E–Z Credit Appliance Company, CA 29–73–R (E.D. Va.) (now pending).

In this matter, it is not certain that there is a commonness of treatment. Assuming plaintiff's failure to prove a

pattern of violations, it would be necessary for each class member to individually demonstrate that he or she was not timely given a contract. It is by virtue of the tenuousness of this allegation as a class claim and the potential difficulties that arise thereby, that the Court concludes that a plaintiff class would be inappropriate. Rule 23(b)(3)(D).

These considerations, moreover, are particularly relevant to plaintiff's second and third allegations. The particularized and personalized nature of these claims do not suggest, absent a showing of a pattern of tortious conduct, grievances that would be common to a class.

For these reasons, the Court concludes that this matter shall not be maintained as a class action.

An order shall issue.