**TAUNTON GARDENS COMPANY et al.**

v.

**Carla A. HILLS, Secretary of Department of Housing and Urban Development, et al.**

Civ. A. No. 75–2412–C.

United States District Court,
D. Massachusetts.

Oct. 21, 1976.

See also, D.C., 396 F.Supp. 370.

Edward T. Dangel, III, Dangel & Smith, Boston, Mass., for plaintiffs.

Richard D. Glovsky, Asst. U. S. Atty., Boston, Mass., Stanley D. Rose, David Epstein, Paul T. Michael, Dept. of Justice Washington, D. C., Edward A. Roster of Tweedy & Roster, Inc., Taunton, Mass., for defendants.

CAFFREY, Chief Judge.

This matter came before the Court on plaintiffs' motion for a preliminary injunction and summary judgment and defendants' motion to dismiss or stay all further proceedings.

Plaintiffs own an "all-electric" lower income housing project containing a total of 128 units that receives mortgage insurance and mortgage interest reduction payments under § 236 of the National Housing Act, 12 U.S.C. § 1715 z–1. On June 18, 1975, plaintiffs filed a verified complaint against the Secretary of the Department of Housing and Urban Development (HUD) for additional subsidies to offset increased utility costs which have pushed up basic rentals for apartments in the project. These subsidies ("additional assistance" or "operating subsidy payments") have been offered under a program established by Congress in 1974 that the Secretary has declined to implement, notwithstanding congressional directives that it be done by February 18, 1975. See § 212, Housing and Community Development Act of 1974, Pub.L.93–383, amending § 236.

The preliminary injunction sought by plaintiffs would, if granted, require the Secretary to:

(1) determine the initial operating expense level as defined in 12 U.S.C. § 1715 z–1(f)(3), for Taunton Gardens;

(2) determine whether the increase in the cost of utilities or local property taxes for the project is reasonable and comparable to cost increases affecting other rental projects in the relevant community, as described in 12 U.S.C. § 1715 z–1(f)(3);

(3) determine the amount by which the sum of the cost of utilities and local property taxes exceeds the initial operating expense level for Taunton Gardens;

(4) credit excess rental charges collected to the reserve fund referred to in 12 U.S.C. § 1715 z–1(g) to be used to make additional payments;

(5) make or contract to make *pendente lite* the additional assistance payments to plaintiffs, pursuant to 12 U.S.C. § 1715 z–1(f)(3); and

(6) pay to the plaintiffs *pendente lite* the sum of $3,365.50 per month in order to reduce the $51,649.50 allegedly owed to the plaintiffs by HUD, representing arrearages in operating subsidy payments.

Plaintiffs own a lower income housing project. They seek subsidies to offset increased utility costs which have been passed

along to tenants in the form of rent increases. Defendants contend that the plaintiffs lack standing to sue because the operating subsidy provisions were primarily intended to benefit the tenants of § 236 housing projects, not the owners. The plaintiffs now move for an order granting preliminary relief and summary judgment. In support thereof, the plaintiffs refer to opinions and orders issued in *Underwood v. Hills,* 414 F.Supp. 526 (D.D.C.1976), and *Battles Farm v. Hills,* 414 F.Supp. 521 (D.D.C.1976). The plaintiffs contend that past and present tenants of Taunton Gardens are members of the class certified in *Underwood* and that the relief sought in *Underwood* is identical to that sought herein. The plaintiffs also contend that *Battles Farm* was a successful action by landlords to obtain operating subsidy payments.

A national class was certified in *Underwood* under Rules 23(a) and 23(b)(2), F.R. Civ.P. It is well-settled that a class certified under Rule 23(b)(2) does not provide a member an opportunity to opt out of the class. *Wetzel v. Liberty Mutual Insurance Company,* 508 F.2d 239, 252–253 (3 Cir. 1975); *Airline Stewards and Stewardesses Ass'n. Local 550 v. American Airlines, Inc.,* 490 F.2d 636, 642 (7 Cir. 1973), *cert. denied* 416 U.S. 993, 94 S.Ct. 2406, 40 L.Ed.2d 773 (1974).

Since the plaintiffs' tenants in the instant case are members of the national class certified in *Underwood,* that case controls the instant case and a final judgment on the merits when entered in *Underwood* will be *res judicata* as to plaintiffs herein. *Hansberry v. Lee,* 311 U.S. 32, 40–43, 61 S.Ct. 115, 85 L.Ed. 22 (1940); 7 A *Wright & Miller, Federal Practice and Procedure,* § 1789 (1972).

I rule that defendants' argument in support of a dismissal without prejudice is not persuasive and that the interest of justice would be served in a more appropriate fashion by staying the proceedings herein pending entry of a final judgment in the class action case of *Underwood.*

With regard to plaintiffs' motion for summary judgment and preliminary injunction, I rule that plaintiffs have not shown the nonexistence of an issue of material fact and that the granting of preliminary relief would be inconsistent with the granting of the stay which this Court has ruled appropriate herein.

Accordingly, an Order will be entered staying all further action in the instant case until after determination of the appeal pending before the Court of Appeals for the District of Columbia and denying the motion for a preliminary injunction and summary judgment.