INTERNATIONAL ASSOCIATION OF MACHINISTS NATIONAL PENSION FUND and Frank A. Higgins, Fund Administrator, Plaintiffs-Appellees,

v.

ESTATE OF James W. DICKEY, Defendant-Appellant.

No. 85–3851.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 13, 1986.

Decided Jan. 6, 1987.

Louis Paisley (argued), Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for defendant-appellant.

James M. Mackey, Cleveland, Ohio, for plaintiffs-appellees.

Before KEITH, MERRITT and JONES, Circuit Judges.

MERRITT, Circuit Judge.

The basic issue in this case is whether under our rules of procedure and due process the estate of a decedent can be substituted as a party for a defendant-corporation where the decedent was never a party to the underlying action. We believe that the District Court, by substituting the estate and enforcing a judgment against the estate, approved an extraordinary procedural motion without any basis in our procedural system. The order of the District Court at issue in this case runs counter to the clear mandate of the Federal Rules of Civil Procedure and violates the federal Due Process clause of the Fourteenth Amendment. We therefore reverse the judgment of the District Court.

### A.

The facts of this case center on the procedural history of the underlying action. On September 14, 1976, the International Association of Machinists National Pension Fund filed a complaint in the District Court, seeking an accounting of delinquent contributions due the Pension Fund from Ohio Hoist Manufacturing Company. The Pension Fund submitted a motion for summary judgment, which the court granted on March 16, 1978. The court ordered Ohio Hoist to submit to an audit and to pay all sums revealed by the audit.

Ohio Hoist was not cooperative with the auditors. The Pension Fund initiated contempt proceedings against Ohio Hoist to compel Ohio Hoist to comply with the court-ordered audit. Ohio Hoist finally permitted the audit, but it disputed the auditor's findings. Ohio Hoist was never found in contempt.

On May 6, 1980, a hearing was held on the Pension Fund's motion for contempt. The Pension Fund had initiated contempt proceedings against Ohio Hoist in order to compel the payment of the amount due under the March 14, 1978 judgment. During the course of this contempt hearing, the District Court Judge announced that he had received a note from his law clerk. The judge related the content of the law clerk's note as follows: "Judge, Dickey just called and asked me to tell you that he will personally guarantee and send $5,000 within 24 hours to the Fund, and then $500 a week after that...." James W. Dickey was president of Ohio Hoist. Neither the

court nor the parties pursued the completion of the hearing.

On July 16, 1980, Ohio Hoist filed a voluntary petition in bankruptcy. Dickey died on October 22, 1982. The Pension Fund filed a claim against the Estate of James W. Dickey on March 26, 1983 in the Orphans' Court in Maryland where the Estate had been previously opened. The claim was first disallowed by the Estate and later denied by the Orphans' Court.

While an appeal was pending in the Circuit Court of Maryland, the Pension Fund filed a motion in the District Court which gives rise to the present appeal in this Court. The Pension Fund filed a "Motion to Modify Order and Motion to Substitute the Estate of James W. Dickey." The District Court granted the Pension Fund's motion and "substituted" the Estate for a non-party, Dickey. In addition, the District Court entered judgment against the Estate in the amount due the Pension Fund by Ohio Hoist.

**B.**

Despite its tangled procedural history, this case boils down to one simple fact: James W. Dickey was never a party to the underlying action in this case. This stark reality is evidenced by the fact that the underlying action in this case is captioned *International Association of Machinists National Pension Fund v. The Ohio Hoist Manufacturing Company.* Since Dickey was never a party to the action, the Estate cannot become a party by a motion for substitution. Moreover, if the Estate is not a party, no judgment can be entered against it.

Pursuant to Fed.R.Civ.P. 25(a)(1), "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." The District Court purportedly acted under the authority of Rule 25(a)(1) in granting the motion "substituting" the Estate for Dickey. The District Court reasoned as follows:

The executrix of James Dickey claims that James Dickey was never formally made a party to this lawsuit. Therefore,

his death cannot serve to allow substitution of his estate for him. To accept this argument would be to exalt form over substance. The facts of this case indicate that Mr. Dickey made himself a *de facto* party to this action by his offer to guarantee payment of the company's obligations to the plaintiffs.

We cannot accept the District Court's reasoning. The District Court has invented the category "de facto party" when there is no authority for doing so. Either Dickey was a party or he was not a party. We believe the facts are clear that Dickey was *not* a party.

We are not exalting form over substance. On the contrary, we are recognizing facts of fundamental importance to this case: the Pension Fund never named Dickey as a party in the action, nor was service of process made upon Dickey during his lifetime. In light of these facts, Dickey cannot be made a party *ex post facto* by judicial legerdemain. Since Dickey is a non-party to the action, it is entirely inappropriate under Fed.R.Civ.P. 25(a)(1) to "substitute" the Estate for a non-party.

Moreover, the motion to "substitute" as granted by the District Court—where neither Dickey nor the Estate were named in pleadings or served with process—conflicts with the federal Due Process clause of the Fourteenth Amendment. The Supreme Court stated long ago in *Hansberry v. Lee*, 311 U.S. 32, 40–41, 61 S.Ct. 115, 117–18, 85 L.Ed. 22 (1940), that:

It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is *not designated as a party* or to which he has *not been made a party by service of process* ... and judicial action enforcing it [a judgment] against the person or property of the absent party is not that due process which the Fifth and Fourteenth Amendment require. (citations omitted) (Emphasis added).

Further, "[t]he consistent constitutional rule has been that a court has no power to

adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Corp. v. Hazeltine,* 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969) (citations omitted). Finally, a long line of due process cases has held that adequate notice is required where individual interests may be adversely affected by a proceeding or adjudication. *See, e.g., Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Green v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982).

For the foregoing reasons, the motion to "substitute" as granted by the District Court is constitutionally defective. Therefore, we find also that the judgment entered against the Estate cannot stand.

In view of our disposition of the case, we need not address other issues raised by the appellant. The judgment of the District Court is reversed.