HENLEY, Senior Circuit Judge,
concurring in the result.
The panel’s opinion is very well written and seems to make the best of the arguments in favor of finding preclusion here. And, on balance, I agree with the panel’s result: that the present case is barred by the previous litigation. Nevertheless, the case is a close one and I am uncomfortable with some of the panel’s language. Accordingly, this brief statement of my reasons for concurring only in the result is tendered.
In general, I have some concern about how far we should go in extending preclusive effect to cases of so-called “virtual representation.” As the panel points out, due process considerations provide an outer limit on the scope of preclusion. It is one thing to hold that a party in privity under principles of contract or property law should be bound by the results of prior litigation. It is quite another matter, however, to say that strangers to the prior litigation should be bound solely because they would raise the same issue or favor the same legal position.
More specifically, in this ease, I believe it is a close question whether our result is fully consistent with the language and spirit of the Supreme Court’s decision this term in Richards v. Jefferson County, Alabama, — U.S. -, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996). In Richards, the Court held that a suit by persons employed in Jefferson County challenging the constitutionality of an occupation tax was not barred by principles of res judi-cata even though a prior suit (by the City of Birmingham and several individual taxpayers) had upheld the constitutionality of the same tax. The Court said that the taxpayers in the second suit could not be bound by the decision on the merits in the first suit, be *459 cause they received neither “notice of, nor sufficient representation in” the prior litigation. — U.S. at-, 116 S.Ct. at 1769.
The panel opinion does not directly address the issue of “notice” here and concludes that all that is necessary to satisfy the “sufficient representation” prong of Richards is that the plaintiffs in the first suit had the “incentive” to raise the same issues the parties in the second suit would raise. However, the Supreme Court’s opinion appears to require something more than just incentive: “a prior proceeding, to have binding effect on absent parties, would at least have to be ‘so devised and applied as to insure ... that the litigation is so conducted as to insure the full and fair consideration of the common issue.’ ” Richards, — U.S. at-, 116 S.Ct. at 1767, quoting, Hansberry v. Lee, 311 U.S. 32, 43, 61 S.Ct. 115, 118, 85 L.Ed. 22 (1940) (emphasis added).
Despite these misgivings about the proposition of “virtual representation” preclusion in general and some of the language of the panel’s opinion, I believe that on the facts here, the requirements of “notice” and “sufficient representation” were satisfied. In particular, the plaintiffs in the second suit clearly were on notice of the first litigation, because some of them had also been plaintiffs in the prior suit. Moreover, the same counsel represented plaintiffs in both actions. I believe that this identity of counsel and (at least some of the) plaintiffs also suggests that the “sufficient representation” requirement of due process was met. In addition, as the panel opinion points out, it appears that the principal reason for filing the second suit was to evade the judgment in the first suit.
It is noted, however, that the first suit was not filed as a class action, that the litigation was disposed of on motion for summary judgment, and that plaintiffs there filed only one affidavit and no brief opposing summary judgment. On these facts, it is not at all clear to me that under Richards a new plaintiff or group of plaintiffs — not on notice that their rights would be litigated in the first suit nor adequately represented there — would be barred from challenging the St. Louis dis-tricting plan even though there was a judgment on the merits in the first suit.
For the reasons stated, I concur in the result.