This opinion was filed for record

at 8 a.m.     on Dec 13, 2018

Susan L. Carlson

**SUSAN L. CARLSON**
**SUPREME COURT CLERK**

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE DEC 1 3 2018

Fairhurst, CJ

*CHIEF JUSTICE*

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CHAN HEALTHCARE GROUP PS, a Washington professional services corporation, | ) ) ) ) | |
| Petitioner, | ) ) | No. 95416-0 |
| v. | ) ) | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY, foreign insurance companies, | ) ) ) ) ) | Filed DEC 1 3 2018 |
| Respondents. | ) ) ) | |

GONZÁLEZ, J.—We are asked to determine if the full faith and credit clause requires Washington courts to enforce an Illinois class action judgment by dismissing a subsequent local action based on the same facts. Lebanon Chiropractic Clinic, an Illinois medical provider, brought a nationwide consumer protection class action against Liberty Mutual Insurance in Illinois. This suit was resolved in a settlement that was approved by an Illinois trial court and entered as a judgment. Chan Healthcare Group, a Washington medical provider, received reasonable

notice of the suit and neither opted out of the class nor objected to the entry of judgment. Chan now seeks to collaterally challenge the Illinois judgment in our courts, arguing the interests of the Washington class members were not adequately represented in the Illinois action. Chan fails to show its due process rights were violated. Thus, the full faith and credit clause requires us to enforce our sister court's judgment.

## FACTS

Chan sued Liberty for failing to pay its reasonable bills as required by our casualty insurance statutes, RCW 48.22.095, .005(7), and engaging in an unfair practice under Washington's Consumer Protection Act, chapter 19.86 RCW. Liberty moved for summary judgment based on an Illinois trial court's previous approval of a nationwide class action settlement of all claims against Liberty and the other defendants arising from the same bad acts Chan now alleges here. *See Lebanon Chiropractic Clinic Prof'l Corp. v. Liberty Mut. Ins. Co.*, 2016 IL App (5th) 150111-U, 2016 WL 546909 (unpublished). Chan argued that its claims were not released by the Illinois settlement of Lebanon's nationwide class action on the theory that the interests of Washington class members were not adequately represented in the Illinois action and thus the settlement was unenforceable against them.

The Illinois court dismissed all objections to the settlement. The very issue of adequate class representation for Washington class members was raised in the Illinois class action by Dr. David Kerbs, a Washington chiropractor.[1] Dr. Kerbs argued that the class representative, Lebanon, could not adequately represent the Washington class in light of Washington's more protective consumer protection laws. Following a fairness hearing, the Illinois trial court rejected Dr. Kerbs' inadequacy of representation argument and approved the nationwide settlement. The Illinois trial court found that Lebanon "will fairly and adequately protect the interests of the Settlement Class." Clerk's Papers (CP) at 4154. Dr. Kerbs unsuccessfully appealed and did not seek review by the Illinois Supreme Court.

In Chan's new case, the King County Superior Court ruled that the Illinois trial court did not address adequate representation with any specificity—it made only a "passing rubber stamp reference" in the final order approving settlement. Verbatim Report of Proceedings (June 24, 2016) at 196 (citing *Hesse v. Sprint Corp.*, 598 F.3d 581 (9th Cir. 2010)). The superior court also contrasted Illinois and Washington law and stated that "it looks to be more difficult to make out a [consumer protection] claim

---

[1] Chan received reasonable notice and did not opt out of or object to the class action settlement.

in Illinois than in Washington." *Id.* at 198. Finally, the superior court disagreed with the lack of appointment of anybody to represent a Washington subclass on its CPA claims. *Id.* at 200.[2]

The Court of Appeals commissioner granted Liberty's motion for interlocutory discretionary review[3] and the Court of Appeals reversed, concluding the Illinois settlement was owed full faith and credit. The Court of Appeals adopted a three-part test: "(1) whether the specific due process objection was before the sister state court, (2) whether the parties presented briefing on the objection, and (3) whether the sister state court ruled on the objection." *Chan Healthcare Grp. PS v. Liberty Mut. Fire Ins. Co.*, 1 Wn. App. 2d 529, 536-37, 406 P.3d 700 (2017).

Chan appealed, alleging the commissioner improperly granted review and the Court of Appeals applied too narrow a standard to collateral challenges. We granted review and affirm.

ANALYSIS

1. INTERLOCUTORY REVIEW

Chan argues the Court of Appeals "lacked jurisdiction" to consider the King County Superior Court's ruling and did not rely on RAP 2.3. Pet. for

---

[2] The approved settlement had subclasses for policyholders, claimants, and providers, but no geographic subclasses for providers.
[3] Chan unsuccessfully moved to modify this decision and did not seek this court's review of the denial of its motion to modify.

Review at 9. We disagree. Read as a whole, the commissioner's ruling granting interlocutory discretionary review suggests that the King County Superior Court committed probable error by declining to give full faith and credit to the Illinois trial court's ruling. The scope of review under the full faith and credit clause is a threshold question and the commissioner sustainably concluded that the King County Superior Court's ruling conflicted with *Nobl Park, LLC of Vancouver v. Shell Oil Co.*, 122 Wn. App. 838, 95 P.3d 1265 (2004). More importantly, even if the commissioner erred, such error would not have deprived the court of jurisdiction. It would simply be an error subject to modification and review, and Chan did not seek our review of that decision at that time. *See* Geoffrey Crooks, *Discretionary Review of Trial Court Decisions under the Washington Rules of Appellate Procedure*, 61 WASH L. REV. 1541, 1547 n.28 (1986) (citing RAP 6.2(a)).

## 2. FULL FAITH AND CREDIT

The King County Superior Court determined that Chan's release of claims in the Illinois settlement was not entitled to full faith and credit in Washington courts. We review the trial court's orders and the legal question under the full faith and credit clause de novo. *OneWest Bank, FSB v. Erickson*, 185 Wn.2d 43, 56, 367 P.3d 1063 (2016) (citing *In re Parentage of Infant Child F.*, 178 Wn. App. 1, 8, 313 P.3d 451 (2013)).

The United States Constitution requires that "[f]ull faith and credit shall be given in each state to the . . . judicial proceedings of every other state." U.S. CONST. art. IV, § 1; 28 U.S.C. § 1738; RCW 6.36.025. The purpose of the full faith and credit clause is to mitigate the "risk that two or more States will exercise their power over the same case or controversy" and to avoid "the uncertainty, confusion, and delay that necessarily accompany relitigation of the same issue." *Underwriters Nat'l Assur. Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 704, 102 S. Ct. 1357, 71 L. Ed. 2d 558 (1982).

Judgments in class action lawsuits are entitled to full faith and credit absent a due process violation or jurisdictional defect. *State v. Berry*, 141 Wn.2d 121, 128, 5 P.3d 658 (2000) (applying full faith and credit when sole allegation was misapplication of sister state's laws); *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482-83, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982). Chan was an absent class member, and "due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove [it]self from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985). Chan does not dispute it received notice of the sister court's proceedings and was given a

fair opportunity to be heard. Due process also requires that absent class members be adequately represented by the named plaintiff. *Id.* (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43, 45, 61 S. Ct. 115, 85 L. Ed. 22 (1940)); *see also E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S. Ct. 1891, 52 L. Ed. 2d 453 (1977); *Nobl Park*, 122 Wn. App. at 847-48 (citing *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)).

We afford a sister court's judgment the same respect we desire nationwide class actions brought in Washington to receive. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373, 116 S. Ct. 873, 134 L. Ed. 2d 6 (1996). We presume a sister court's ruling, made following extensive evidence and argument, is not a "rubber stamp." The full faith and credit clause requires this presumption. *Nobl Park*, 122 Wn. App. at 844 (citing *Matsushita*, 516 U.S. at 374). The majority of jurisdictions follow a similar approach. *See, e.g., In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 431 F.3d 141, 146 (3d Cir. 2005) ("Once a court has decided that the due process protections did occur for a particular class member or group of class members, the issue may not be relitigated."); *accord Hosp. Mgmt. Assocs. v. Shell Oil Co.*, 356 S.C. 644, 659-60, 665-66, 591 S.E.2d 611 (2004).

However, "[a] State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment." *Kremer*, 456 U.S. at 482 (footnote omitted). Thus, if Chan were able to demonstrate the named plaintiff in *Lebanon* did not adequately represent Washington class members, we would not give full faith and credit to the judgment of the Illinois court.

Here, the Illinois trial court received Kerbs' objections to the settlement, held a fairness hearing, and determined "Plaintiff Lebanon Chiropractic Clinic . . . and Class Counsel will fairly and adequately protect the interests of the Settlement Class." CP at 4154. Chan claims Lebanon did not adequately represent its interests. We disagree for three reasons.

First, Chan does not show Lebanon failed to prosecute the action vigorously on behalf of the entire class. *See Hesse*, 598 F.3d at 589; *see also Stephenson v. Dow Chem.*, 273 F.3d 249, 258 & n.6 (2d Cir. 2001). Second, Chan fails to show a difference in the scope of relief under the respective consumer protection laws made it so Lebanon had an insurmountable conflict of interest with other class members. *See Nobl Park*, 122 Wn. App. at 847-48 & n.5 (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 864, 119 S. Ct. 2295, 144 L. Ed. 2d 715 (1999)). Although differences do exist between

Illinois and Washington consumer protection laws, the elements of a claim under them are nearly identical and the relief available is roughly the same. We are not convinced the slight variations between the states' laws prevented Lebanon from adequately representing Washington class members. Finally, Chan fails to show subclasses were required under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 627, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). Chan argues that under *Amchem*, "subclasses are *mandatory* when a class settlement includes distinct groups of class members." Pet. for Review at 20.[4]

Chan's reliance on *Amchem* is misplaced, as the facts of that case are readily distinguishable from those before us. *Amchem* involved class members and named plaintiffs who had been exposed to asbestos or had a family member who had been exposed, but who differed in their injuries in that many had already manifested injury from the exposure while others had not. 521 U.S. at 602-03. Those who had already manifested injury were focused on "generous immediate payments," while those facing future injury

---

[4] We assume, without deciding, that collusion in a settlement would violate absent class members' due process rights. Chan's belated "*indicia* of collusion" argument calls for speculation and is insufficient to present the issue to us. Pet'r's Resp. to Att'y Gen.'s Amicus Br. at 10-11 (citing, among other things, that "settlement . . . occurred less than 150 days after the case was filed" and that there was no discovery); *see also Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn.2d 178, 188-89, 35 P.3d 351 (2001) ("absence of collusion" among criteria in making settlement approval determination (citing 2 HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS § 11.43 (3d. ed 1992))).

desired "an ample, inflation-protected fund for the future." *Id.* at 626.

These differences in injury and sought-after relief necessitated subclasses

with separate representatives who possessed the "'same interest and

suffer[ed] the same injury'" as those in the same subclass. *Id.* at 625-26

(quoting *E. Tex. Motor Freight Sys., Inc.*, 431 U.S. at 403). This is not the

factual scenario before us now. Chan and Lebanon incurred the same injury,

a reduction in payments by Liberty, and thus have the same interest in

pursuing a claim against Liberty. The only differences between Lebanon

and the Washington class members were minor variations in the state laws

under which their claims arose. Because Lebanon possessed the same injury

and the same interest as the Washington class members, *Amchem* is not

applicable, and subclasses would not have been required.

Chan has not convinced us that Washington plaintiffs were not

adequately represented in the *Lebanon* court. Therefore, Chan has failed to

overcome the presumption in favor of giving full faith and credit to the

determination of the Illinois trial court.

While the Illinois trial court's finding of adequacy—after Chan was

given notice and the opportunity to object—is likely sufficient to resolve this

case, we note there is more here. Here, the same arguments made by Chan

were previously made in Illinois by Dr. Kerbs. Dr. Kerbs argued, among

other things, "Lebanon Chiropractic Clinic is an inadequate class representative for Washington providers and has a conflict of interests with Washington providers." CP at 4042. The Illinois trial court considered Dr. Kerbs' objections and the evidence relating to it. *See, e.g., id.* at 4154 ("the Proposed Settlement is the result of good-faith, arms-length negotiations by the parties thereto"); *see also id.* at 4156 ("[t]he Court overrules all objections"). And the trial court's consideration is crystallized by the Illinois Appellate Court, which held that Dr. Kerbs had failed to identify "outcome-determinative differences in Washington law and Illinois law." *Lebanon*, 2016 WL 546909, at \*11, \*14. Like Dr. Kerbs, Chan had an opportunity to object, appeal in Illinois, and petition for writ of certiorari to the United States Supreme Court. *Nobl Park*, 122 Wn. App. at 845 n.3 (citing *Epstein v. MCA, Inc.*, 179 F.3d 641, 648 (9th Cir. 1999)). Chan did not.

## CONCLUSION

The Court of Appeals commissioner did not improperly grant interlocutory review, and the Illinois judgment is entitled full faith and credit in Washington courts. We affirm and remand back to the trial court for further proceedings consistent with this opinion.

González, J.

WE CONCUR:

Fairhurst, C.J.

Stephens, J.

Johnson, J.

Wiggins, J.

Madsen, J.

González, McCloud, J.

Owens, J.

Yu, J.