**NEWS HERALD, A DIVISION OF GANNETT SATELLITE INFORMATION NETWORK, INC., et al., Plaintiffs,**

v.

**The Honorable Stephen RUYLE, Defendant.**

**No. 3:96 CV 7497.**

United States District Court, N.D. Ohio, Western Division.

Aug. 8, 1996.

Michael Kevin Farrell, David L. Marburger, Baker & Hostetler, Cleveland, OH, Fritz Byers, Toledo, OH, for Plaintiffs.

Kevin E. Joyce, William M. Connelly, Sarah Steele Riordan, Connelly, Soutar & Jackson, Toledo, OH, for Defendant.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on Plaintiffs' motion for a temporary restraining order. The Plaintiffs, publishers of several daily newspapers, have brought suit to enjoin the Honorable Stephen Ruyle of the Common Pleas Court of Defiance County, Ohio, sitting by designation in the Juvenile Court Division, from enforcing an order prohibiting Plaintiffs from reporting the proceedings in a juvenile delinquency action over which Judge Ruyle is presiding. The Court heard oral argument from both sides on August 8, 1996. For the following reasons, Plaintiffs' motion will be granted.

### I. BACKGROUND

Judge Ruyle is presiding over a matter captioned *In the Matter of Kevin Fabian.* The *Fabian* case arises from the 1994 drive-by shooting of an Ottawa County deputy sheriff's home in which Fabian, who was then age sixteen, is alleged to have participated. Fabian is now eighteen years old.

Judge Ruyle scheduled a hearing to begin on June 28, 1996, to determine whether to certify Fabian to be tried as an adult defendant. On June 12, 1996, Plaintiff News Herald moved to open the proceedings in the *Fabian* case to the public.

Judge Ruyle conducted a hearing on Plaintiff's motion on June 24, 1996. At that hear-

ing, neither the prosecution nor the defense introduced any evidence that an open hearing would be adverse to Fabian's best interests. Since Ohio law requires a Juvenile Court to make specific findings to justify closing a courtroom before proceedings can be closed to the public, *In re T.R.*, 52 Ohio St.3d 6, 17–21, 556 N.E.2d 439, *cert. denied,* 498 U.S. 958, 111 S.Ct. 386, 112 L.Ed.2d 396 (1990), Judge Ruyle was compelled to open the proceedings to the press and public. However, he issued a contemporaneous order, *sua sponte,* prohibiting the news reporters present from (1) informing anyone that the hearing is open to the public, and (2) informing anyone what transpired during the hearing. The order reads, in pertinent part:

> [I]t is ORDERED, ADJUDGED AND DECREED that the Port Clinton News Herald or other media may attend the probable cause hearing in the above case; however, further IT IS ORDERED that no media representative shall publicly report on or personally discuss the case until the final decree on certification is entered by the Court. At that time the above restrictions are lifted and free reporting is allowed.

At the conclusion of the June 25 hearing, Judge Ruyle continued the matter until August 9, 1996. He extended his injunctive order through August 9, 1996, and until entry of the final decree on certification.

The Plaintiffs claim that the restraint violates their rights of freedom of speech and of the press. They have filed suit to enjoin enforcement of Judge Ruyle's order.

## II. DISCUSSION

### A. Younger Abstention Issue

■ As a preliminary matter, the Court addresses the issue of whether it should abstain from the exercise of federal jurisdiction in this case under the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). That doctrine holds that, lacking extraordinary circumstances, a Federal Court cannot enjoin a currently pending state criminal proceeding. Defendant has argued that this Court should abstain from exercising jurisdiction in the instant action because (1) there is a pending state criminal

proceeding; (2) there is an important state interest in retaining the confidentiality of the proceedings, and (3) Plaintiffs are afforded an adequate opportunity to raise their claims in a state proceeding.

■ The Court disagrees. First, and most importantly, binding precedent in the Sixth Circuit holds that *Younger* abstention is inappropriate where a news reporter challenges the validity of a suppression order barring disclosure of information produced in open court. *WXYZ, Inc. v. Hand,* 658 F.2d 420, 422–425 (6th Cir.1981). Second, even if this Court's determination were not governed by binding precedent, common sense dictates that abstention is inappropriate in the instant action. Issuance of a temporary restraining order or preliminary injunction in this action will have no effect on the pending state proceedings, since the order affects only the use the news media make of those proceedings and not the proceedings themselves. The fact that Judge Ruyle held that he was bound to open the proceedings to the public obviates Defendant's argument that there is an important state interest in retaining the confidentiality of the proceedings. And, as non-parties to the proceedings, Plaintiffs are afforded no opportunity to challenge Judge Ruyle's order on direct appeal or by an extraordinary writ.

Accordingly, the Court finds that Younger abstention is inappropriate in this case, and proceeds to the merits of Plaintiffs' motion.

### B. Issuance of the Temporary Restraining Order

■ If there is notice to the other side and a hearing, the Court applies the same standards governing issuance of a preliminary injunction in determining whether to issue a temporary restraining order. The Sixth Circuit has set forth four standards for the District Court to use in making this determination: (1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the plaintiff has shown that irreparable injury will result if the preliminary injunction is not granted; (3) whether the issuance of a preliminary injunction would

cause substantial harm to others; and (4) whether issuing a preliminary injunction would serve the public interest. *Martin–Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 564 (6th Cir.1982). In determining whether a temporary restraining order should issue in this case, therefore, the Court addresses these four factors.

### 1. *Probability of Success on the Merits*

■ Plaintiffs have shown a high probability of success on the merits. Prior restraints on media publication come to this Court bearing a heavy presumption against constitutional validity. *New York Times Co. v. United States*, 403 U.S. 713, 714, 91 S.Ct. 2140, 2141–42, 29 L.Ed.2d 822 (1971). In fact, the Supreme Court has never upheld a prior restraint on pure speech. *In re Providence Journal Co.*, 820 F.2d 1342, 1348 (1st Cir.1986), *cert. granted*, 484 U.S. 814, 108 S.Ct. 65, 98 L.Ed.2d 28 (1987), *cert. dismissed*, 485 U.S. 693, 108 S.Ct. 1502, 99 L.Ed.2d 785 (1988). The Supreme Court has repeatedly held that:

> A trial is a public event. What transpires in a courtroom is public property.... Those who see and hear what transpired can report it with impunity. There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it.

*Craig v. Harney*, 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546 (1947). *See also Oklahoma Publishing Co. v. District Court*, 430 U.S. 308, 97 S.Ct. 1045, 51 L.Ed.2d 355 (1977); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975).

The suppression order issued by Judge Ruyle was a classic prior restraint. It barred publication of information legally obtained by Plaintiffs, in advance of publication, with the threat of criminal contempt if the order were breached. As such, the order is presumptively unconstitutional.

### 2. *Irreparable Injury*

■ Plaintiffs have shown that they will suffer irreparable injury if an injunction does not issue. The violation of the right to free speech always constitutes irreparable harm, which justifies the Court in invoking its equitable powers and issuing an injunction. *See Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976).

### 3. *Substantial Harm to Others*

No showing has been made that issuance of a temporary restraining order will cause substantial harm to others. The Court is mindful of Kevin Fabian's right to a fair trial, and, had a showing been made that public disclosure of the certification proceedings would prejudice that right, such showing would weigh against issuance of the injunction.

No such showing has been made, however. Even assuming that Fabian is certified to stand trial as an adult, the very terms of the suppression order permit public disclosure of the proceedings once a final determination as to certification is made, so the public will have access to the information before a trial occurs.

### 4. *Public Interest*

■ The public's interest will be served by issuance of a temporary restraining order in that the public is served when constitutional rights, especially the right to free speech, are vindicated. *See Christy v. Ann Arbor*, 824 F.2d 489 (6th Cir.1987), *cert. denied*, 484 U.S. 1059, 108 S.Ct. 1013, 98 L.Ed.2d 978 (1988).

### III. CONCLUSION

Plaintiffs have shown that they have a substantial likelihood of prevailing on the merits; that they will be irreparably harmed if an injunction does not issue; that issuance of a temporary restraining order will not cause substantial harm to others; and that issuance of a preliminary injunction will serve the public interest. Accordingly, the Court will issue a temporary restraining order enjoining enforcement of the portions of Judge Ruyle's June 24, 1996 order prohibit-

ing Plaintiffs from publishing or discussing the proceedings in the *Fabian* case.

### ORDER

For the above reasons, it is ORDERED that the Defendant's order of June 24, 1996 that "no media representative shall publicly report on or personally discuss the [*Fabian*] case until the final decree on certification is entered by the Court" is STAYED. Defendant is hereby enjoined from enforcing any provision of that order pertaining to publication of events occurring in open court while this or any subsequent order of this Court is in effect. This order pertains to the proceedings previously held on June 24 and 25, 1996, the proceedings scheduled for August 9, 1996, and to any other open proceedings that may be held in the *Fabian* case.

This temporary restraining order is effective immediately. No bond is required, due to the fact that no damage to the person or property of the Defendant is threatened.

IT IS SO ORDERED.