**Mark P. DONALDSON, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

**No. 03–1882.**

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

38

Mark P. Donaldson, Whitmore Lake, MI, pro se.

Michael Hluchaniuk, Asst. U.S. Attorney, U.S. Attorney's Office, Bay City, MI, for Defendant–Appellee.

Before BATCHELDER and GIBBONS, Circuit Judges; and STAFFORD, District Judge.*

### ORDER

Mark P. Donaldson appeals a district court judgment granting the government's motion for summary judgment and denying him a preliminary injunction. Donaldson also filed a motion to access the PACER court system and a motion to expedite exemption from the PACER fee. Donaldson's appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Donaldson filed three pre-applications for a Rural Business Enterprise Grant ("RBEG") in 1996 and 1997 relating to proposals to provide internet services to three areas: (1) a six-county area including the cities of Grayling and Gaylord

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

("GG proposal"); (2) a three-county area encompassing Isabella, Lake, and Clare counties ("ILC proposal"); and (3) a six-county area in Central Michigan ("CM proposal"). His pre-applications were scored using the factors in 7 C.F.R. § 1942.305(b)(3): the GG proposal scored 90 points, the ILC proposal scored 60 points, and the CM proposal scored 90 points. None of his applications received discretionary points. Twenty-six pre-applications were ranked, and 17 pre-applicants, all with proposal scores 125 or greater, received priority. Donaldson's pre-applications were not among the 17 pre-applications that received priority.

Donaldson appealed to the National Appeals Division ("NAD"). The NAD concluded that the agency's methodology for calculating population, one of the factors under 7 C.F.R. § 1942.305(b)(3), was not in accordance with the regulations. The NAD found that Donaldson's pre-applications were otherwise considered in accordance with the regulations. The NAD then upheld the agency's decision, noting that even if Donaldson was awarded the points for population under the proper population methodology, his pre-application scores still fell below the priority cut-off.

Donaldson sought review of the NAD's decision with the district director. The district director concluded that the NAD's decision was supported by substantial evidence.

Donaldson then filed a pro se complaint appealing the denial of his pre-applications for RBEGs in the district court. The government moved for summary judgment.

Donaldson moved the court to sanction the government's counsel for, inter alia, ignoring statutory and regulatory violations by the government. Donaldson also moved the court for a preliminary injunction to enjoin the government from awarding any future RBEG applications in violation of the statutory and regulatory provisions.

A magistrate judge recommended that the government's motion for summary judgment be granted, and Donaldson's motion for a preliminary injunction be denied. The district court adopted the magistrate judge's report and recommendation over Donaldson's objections, granted the defendant's motion for summary judgment, denied Donaldson's motion for a preliminary injunction, and denied Donaldson's motions for sanctions. Donaldson appealed.

Donaldson first argues that the district court erred in granting the government summary judgment because the agency's methodology for calculating population under 7 C.F.R. § 1942.305(b)(3) was incorrect, and if the agency had used the proper formula, he would have been eligible for an RBEG grant. Donaldson also argues that the district court failed to consider all of the evidence before it and that several entities which received RBEG grants were ineligible under the statutes and regulations. Finally, Donaldson argues that the district court erred in considering only the government's motion for summary judgment, notwithstanding that he had also filed a motion for summary judgment.

We review de novo a district court's grant of summary judgment. *Brooks v. Am. Broad. Co.*, 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.' " *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed. R.Civ.P. 56(c)). Although we have suggested that the use of summary judgment

is inappropriate for judicial review of an administrative action under the Administrative Procedures Act, we have nonetheless considered the merits of the case if the district court applied the proper standard of review and did not consider evidence outside of the administrative record. *See Alexander v. Merit Sys. Prot. Bd.,* 165 F.3d 474, 480 (6th Cir.1999). In this instance, the motion for summary judgment is proper because the district court reviewed the administrative agency's actions and did not go outside the administrative record.

A court must "hold unlawful and set aside any agency action, findings and conclusions found to be ... arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *see GTE Midwest, Inc. v. Fed. Communications Comm'n,* 233 F.3d 341, 344 (6th Cir.2000). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). The agency, however, must articulate a "rational connection between the facts found and the choice made." *Id.* (internal citation omitted).

As an initial matter, the government argues that Donaldson waived his argument that other grant recipients were ineligible by failing to challenge their eligibility at the agency level. Generally, we will not review an issue not first presented to the agency. *Bhd. of Locomotive Eng'rs v. ICC,* 909 F.2d 909, 912–13 (6th Cir.1990). Nonetheless, courts hold pleadings filed by pro se litigants to less stringent standards, however inartfully pleaded, if the pleading is sufficient to call for the opportunity to present supporting evidence. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even if we liberally construe Donaldson's administrative pleadings, his argument is without merit.

■ The district court properly granted summary judgment to the government. There is no evidence in the administrative record that the agency failed to consider all of the relevant factors for awarding an RBEG grant or committed clear error in scoring Donaldson's pre-application under 7 C.F.R. § 1942.305(b)(3). There was no clear error in the agency's calculation of the population of the community where Donaldson's proposals would be located, notwithstanding that they used an improper methodology, because his application would lack priority even if he received the points under the proper methodology. It is within the discretion of the agency to determine that other pre-applications deserve a higher funding priority and award discretionary points. 7 C.F.R. § 1942.305(b)(3)(v). The agency is authorized to determine which projects have priority under the regulations. 7 C.F.R. §§ 1942.305(b)(2) and 1942.311(a)(2). The agency's interpretation of the eligibility of pre-applicants is not unreasonable. 7 C.F.R. §§ 1942.305(a)(1), 1942.306(a), and 1942.307. Additionally, the district court correctly found that Donaldson's motion for summary judgment was stricken and never refiled.

Donaldson next argues that the district court abused its discretion in denying his motion for a preliminary injunction, because he was adversely affected by the government's awarding of grants to ineligible recipients, whose removal would result in him receiving a grant. Initially, Donaldson argues that the district court erred in finding that other recipients' grant awards were not before the court, arguing that their receipt of a RBEG grant adversely affected him because he did not receive a grant. Donaldson further argues that the court has jurisdiction over his motion for injunction and he has standing

because he was an unsuccessful pre-applicant.

█ The district court correctly concluded that the merit of the RBEG recipients' pre-applications was not subject to review because they were not parties to the action and could not defend their grant awards. *See Hansberry v. Lee*, 311 U.S. 32, 40–41, 61 S.Ct. 115, 85 L.Ed. 22 (1940) (concluding that "[o]ne is not bound by a judgment [ ] in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

We review for an abuse of discretion a district court's grant or denial of a preliminary injunction. *Nat'l Hockey League Players' Ass'n v. Plymouth Whalers Hockey Club*, 325 F.3d 712, 717 (6th Cir.2003). An abuse of discretion occurs "if the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Id.* at 717. Under this standard, we review the district court's legal conclusions de novo and its factual findings for clear error. *Taubman Co. v. Webfeats*, 319 F.3d 770, 774 (6th Cir.2003).

In exercising its discretion with respect to a motion for a preliminary injunction, a district court must give consideration to four factors: "(1) whether movant has a strong likelihood of success on the merits; (2) whether movant would suffer irreparable injury without injunction; (3) whether issuance of injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of injunction." *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998). These four considerations are factors to be balanced, not prerequisites that must be met. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir.1985). Thus, a district court is not required to make specific findings concerning each of the four factors

used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Id.* "[Al]though no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir.2000).

█ Donaldson failed to demonstrate that he has any legal right to challenge the decision of the United States Department of Agriculture ("USDA") to award grants to other applicants. A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries its burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir.2000). Donaldson did not establish that he had a personal interest at stake with respect to the injunctive relief he sought. Therefore, Donaldson failed to demonstrate a likelihood of success on the merits because he suffered no "injury in fact" as a result of the USDA's award of grants to other applicants. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Accordingly, for the reason set forth in the magistrate judge's report and recommendation, the district court did not abuse its discretion when denying Donaldson's motion for a preliminary injunction, as he failed to demonstrate that he is likely to succeed on the merits of his claim.

Finally, Donaldson argues that the government's attorneys should be sanctioned under Fed.R.Civ.P. 11 because the attorneys made misrepresentations before the district court, failed to address all of his issues on appeal, and presented arguments contrary to the statutes and regulations.

We review the denial of sanctions under Fed.R.Civ.P. 11 for abuse of discretion. *McGhee v. Sanilac County*, 934 F.2d 89, 92 (6th Cir.1991). Rule 11 imposes a legal duty on attorneys to certify that any pa-

pers filed with the court are legally tenable. Fed.R.Civ.P. 11; *McGhee*, 934 F.2d at 93. Rule 11 is "not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Fed.R.Civ.P. 11, adv. comm. notes. In this court, the test is whether an individual attorney's conduct was reasonable under the circumstances. *McGhee*, 934 F.2d at 93. Sanctions are inappropriate, even if an argument is unavailing, if the argument is not completely unwarranted by existing law. *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir.2003).

The government's attorneys advocated positions that were largely adopted by the agency and the district court; thus, their arguments were reasonable under the circumstances. Accordingly, the district court did not abuse its discretion in denying Donaldson's motions for sanctions.

For the foregoing reasons, the district court's judgment is affirmed and Donaldson's motions are denied.