**Anita RIOS, et al., Plaintiffs,**

v.

**J. Kenneth BLACKWELL, Defendant.**

No. 3:04CV7724.

United States District Court,
N.D. Ohio,
Western Division.

Nov. 23, 2004.

834

John C. Bonifaz, National Voting Rights Institute, Boston, MA, Nancy Holland Myers, Holland Myers & Myers, Akron, OH, Richard M. Kerger, Kerger & Kerger, Toledo, OH, for Anita Rios, David Cobb, Green Party Candidate, Michael Badnarik, Libertarian Party Candidate, Common Cause Ohio, Victoria Lovegren, Phillip F. Fry, Jr., Evan Davis, Jeanne White, Daryl Davis, Timothy J. Kettler, Plaintiffs.

Richard N. Coglianese, Assistant Attorneys General, Constitutional Offices Section, Arthur J. Marziale, Jr., Assistant Attorneys General, Constitutional Offices Section, Columbus, OH, for J. Kenneth Blackwell, Secretary of State of Ohio, Defendant.

## ORDER

CARR, District Judge.

On November 22, 2004, several plaintiffs, including the candidates for the Presidency of the United States of the Green Party, David Cobb, and Libertarian Party, Michael Badnarik ("candidate plaintiffs"), filed a complaint seeking a temporary restraining order and preliminary injunction. Plaintiffs ask for an order requiring the defendant, Kenneth Blackwell, the Secretary of State of Ohio, to take appropriate measures to ensure that a recount of the ballots cast on November 2, 2004, commences and proceeds in such a manner as to be completed by December 7, 2004, the date Ohio's electors will be certified for the Electoral College.[1]

For the reasons that follow, plaintiffs' motion shall denied *sua sponte.*

## Background

On November 17, 2004, fifteen days after the election, the candidate plaintiffs sent an overnight letter to Secretary Blackwell and a similar overnight letter to each of the eighty-eight Ohio county boards of elections informing them that plaintiffs planned to seek a full recount of all votes cast in Ohio for President. The letters asked Ohio's election officials immediately to put in place appropriate procedures for starting the recount and to initiate the recount promptly upon plaintiffs' filing their formal applications and posting of the necessary bonds.

On November 18, 2004, candidate plaintiffs filed via overnight delivery for arrival on November 19, 2004, their formal applications for a full recount with each of the eighty-eight Ohio county boards of elections. With the applications, the plaintiffs posted the requisite bonds with each of the county boards of elections.

Plaintiffs contend that press reports and a letter from Secretary Blackwell dated November 19, 2004, indicate that Secretary Blackwell plans to announce a

1. Title 3 U.S.C. § 5 creates a "safe harbor" for states that make a final determination as to their election results at least six days before the December 13, 2004, meeting of the Electoral College: "[i]f the state legislature has provided for final determination of contests or controversies by a law made prior to election day, that determination shall be conclusive if made at least six days prior to said time of meeting of the electors." *Bush v. Palm Beach County Canvassing Bd.,* 531 U.S. 70, 77–78, 121 S.Ct. 471, 148 L.Ed.2d 366 (2000).

statewide certified result for this year's presidential race on or before, Monday, December 6, 2004. Plaintiffs further state that Secretary Blackwell refused to have any recount procedures initiated prior to the certification of the statewide vote. Plaintiffs contend that delay of formal certification until the day before Ohio must certify its electors to the Electoral College does not leave enough time to conduct a proper recount.

## Discussion

### 1. Standard of Review for a Temporary Restraining Order and Preliminary Injunction

■ I must consider four factors when ruling on a motion for a temporary restraining order and preliminary injunction, namely whether: 1) the plaintiffs have a strong likelihood of success on the merits; 2) the plaintiffs would suffer irreparable injury without the injunction; 3) issuance of the injunction would cause substantial harm to others; and 4) the public interest would be served by issuance of the injunction. *Chabad of Southern Ohio & Congregation Lubavitch v. City of Cincinnati,* 363 F.3d 427, 432 (6th Cir.2004). I am not required to make specific findings concerning each of the four factors if fewer factors are dispositive of the issue. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir.1985).

■ As long as there is notice to the other side and an opportunity to be heard, the standard for a preliminary injunction is the same as that for a temporary restraining order. *News Herald v. Ruyle,* 949 F.Supp. 519, 521 (N.D.Ohio 1996) (*citing Martin–Marietta Corp. v. Bendix Corp.,* 690 F.2d 558, 564 (6th Cir.1982)).

### 2. Irreparable Injury

■ Plaintiffs are not contesting (i.e., challenging) the election pursuant to O.R.C. § 3515.08; rather they have requested a recount pursuant to O.R.C. § 3515.01. Under Ohio law, only a candidate for an office may request a recount of the votes cast for that office. O.R.C. § 3515.01.[2] Individual electors have no right to file an application to recount votes cast for elected officials.[3] There is, therefore, no right vested under Ohio law in individual electors to seek or obtain a recount. *Id.* Plaintiffs have not shown, moreover, that an individual citizen has a federal constitutional right to a recount. Therefore, the only parties in this suit who can allege injury are David Cobb and Michael Badnarik, the Green and Libertarian Party candidates, respectively, for President.

■ While these candidates have a right under Ohio law to a recount, they have not shown that they will be harmed irreparably if the recount is not completed by the time Ohio's electors to the Electoral College must be certified. Simply stated, neither candidate has a credible claim that they did or could win the right to have Ohio's presidential electors cast their Electoral College votes for him.[4] While these

---

**2.** Revised Code § 3515.01 provides:

Any person who was a candidate at a general, special, or primary election for election to an office or position who was not declared elected may file with the board of a county a written application for a recount of the votes cast at such election in any precinct in such county for all candidates for election to such office or position.

**3.** Under Ohio law, a group of five electors may request a recount on ballot issues. *See* O.R.C. § 3515.01.

**4.** According to the 2004 Unofficial Results, as set forth at the website of the defendant Secretary, plaintiff David Cobb, Green Party candidate, received 24 votes (zero percent of the votes cast for President), and plaintiff Michael Badnarik, Libertarian Party candidate, re-

candidates have associational interests in having votes cast for them counted, the possibility that such counting may not be completed by the time Ohio appoints its electors burdens only their chances of victory, not of association. Neither candidate plaintiff can credibly maintain that he possesses even a remote chance of victory through a recount.

Absent such showing, neither candidate could be harmed irreparably if the recount, if such were to occur, went beyond December 7, 2004, the date for appointment of Ohio's electors. This is true even though under the safe harbor provision of 3 U.S.C. § 5 no further challenge to the outcome of the presidential election can thereafter be made.

Without a showing of irreparable injury, the plaintiffs cannot prevail. *Cincinnati Sub-Zero Products, Inc. v. Augustine Medical, Inc.,* 800 F.Supp. 1549, 1557 (S.D.Ohio, 1992) (*citing In re DeLorean,* 755 F.2d at 1229). *See also Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 103 (6th Cir.1991) (holding that the district court did not abuse its discretion where the district court denied a request for a preliminary injunction solely due to failure to show irreparable injury). Further, a plaintiff unable to show irreparable injury cannot establish a likelihood of success on the merits. *Donaldson v. United States,* 109 Fed. Appx. 37, 41–42 (6th Cir. 2004) (Unpublished disposition) (*citing Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

Because plaintiffs have not met their burden to prevail on their motion, I see no reason to interfere with the final stages of Ohio's 2004 electoral process.

ceived 14,331 votes (.26 percent of the votes cast for President). *Available at*

## Conclusion

In light of the foregoing, it is

ORDERED THAT plaintiffs' motion for a temporary restraining order and preliminary injunction be, and the same hereby is denied.

So ordered.

www.sos.state.oh.us/sos/results/index.html.