24-2906-cv
*Olsen v. Sherry-Netherland, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

PRESENT:
REENA RAGGI,
MYRNA PÉREZ,
SARAH A. L. MERRIAM,
*Circuit Judges*.

———————————————————————

REY OLSEN, AS ASSIGNEE OF ROQUE
DE LA FUENTE, AN INDIVIDUAL,

    *Plaintiff-Appellant*,

    v.                         24-2906

THE SHERRY-NETHERLAND, INC., A
NEW YORK CORPORATION, HOWARD
M. LORBER, MICHAEL J. HORVITZ,
WENDY CARDUNER, MARY MCINNIS

BOIES, IRA A. LIPMAN, DR. MARGORIE FISHER FURMAN, FREDERIC M. SEEGAL, ARNOLD S. GUMOWITZ, EDWARD L. GARDNER, INDIVIDUALLY AND AS DIRECTORS OF THE CORPORATE DEFENDANT; AND THE SHAREHOLDERS / PROPRIETARY LESSEES AND RESIDENTS OF THE BUILDING OWNED BY THE CORPORATE DEFENDANT; CURTIS C. MECHLING, GABRIEL SASSON, JOHN DOES 1-150, JANE DOES 1-150, XYZ, INC. 1-20, ABC, LLC 1–20,

*Defendants-Appellees.*[*]

---

**FOR PLAINTIFF-APPELLANT:**    REY OLSEN, pro se, New York, NY.

**FOR DEFENDANTS-APPELLEES:**    PETER T. SHAPIRO, Lewis Brisbois Bisgaard & Smith LLP, New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court, and the order of the District Court entered on May 7, 2024, are **AFFIRMED**.

---

[*]    The Clerk of Court is respectfully directed to amend the caption accordingly.

2

## I.    Background

Plaintiff-Appellant Rey Olsen, proceeding pro se, appeals from the District Court's judgment dismissing his Complaint as barred by claim and issue preclusion, and from the District Court's subsequent order denying his motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In 2017, Roque De La Fuente attempted to purchase a cooperative apartment in the Sherry-Netherland ("the Sherry") as part of a bankruptcy auction for one of the unit owners, but the Sherry's board of directors denied his application. De La Fuente sued the Sherry and the board, alleging principally that his application was rejected on account of him being Mexican-American. The district court granted summary judgment to the Sherry and the board in that case. *See De La Fuente v. Sherry Netherland, Inc.*, No. 17 Civ. 4759, 2019 WL 3430207 (S.D.N.Y. July 30, 2019). This Court affirmed. *See De La Fuente v. Sherry Netherland, Inc.*, 845 F. App'x 29 (2d Cir. 2021) (summary order).

Olsen now brings this action, explaining that before De La Fuente commenced his action, he assigned Olsen a percentage of his "right, title and interest to any and all claims" that he had against the Sherry and two of its bankruptcy attorneys. Appellant's Reply at 13. While De La Fuente's appeal was pending, Olsen—as De La

3

Fuente's partial assignee—filed this action against Defendants-Appellees the Sherry, its board of directors, and two of its bankruptcy attorneys, for claims arising out of the same events.

Appellees moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint and the District Court granted their motions with prejudice, finding that res judicata and collateral estoppel barred Olsen's claims. *See Olsen v. Sherry Netherland, Inc.*, No. 20 Civ. 103, 2022 WL 4592999 (S.D.N.Y. Sep. 30, 2022). Olsen then moved for reconsideration, which the District Court denied. *See id.*, 2024 WL 2054816 (S.D.N.Y. May 7, 2024). Olsen appeals both the dismissal and denial of reconsideration.

## II. Discussion

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). We review the denial of a reconsideration motion for abuse of discretion. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir. 1999).

"The preclusive effect of a federal court's judgment issued pursuant to its federal-question jurisdiction is governed by the federal common law of preclusion." *See Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2013). Under federal law, "the general rule" is that "one is not bound by a judgment *in personam* in a litigation in which he is

4

not designated as a party or to which he has not been made a party by service of process."  *Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)).  "[T]he rule against nonparty preclusion is subject to exceptions."  *Id.* As the Supreme Court has explained, the core principle underlying whether a nonparty can be precluded is whether he was adequately represented in the action claimed as preclusive:

> A party's representation of a nonparty is "adequate" for preclusion purposes only if, at a minimum: (1) The interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty.  In addition, adequate representation sometimes requires (3) notice of the original suit to the persons alleged to have been represented.

*See id.* at 900 (citations omitted).

All of those requirements are met here.  Olsen explicitly brings this action as the assignee of De La Fuente's legal claims against the Sherry and related defendants, and the claims in his Complaint concern the Sherry's alleged discrimination against De La Fuente.  Olsen's interests are thus directly aligned with De La Fuente's, and Olsen asserts his representative authority to bring *De La Fuente's claims* as assignee.  Indeed, the Supreme Court explicitly highlighted the "substantive legal relationship" between assignee and assignor as one such example of adequate representation that could

5

warrant preclusion.[1]   *See id.* at 894.   Preclusion applies precisely because regardless of whether Olsen—or any others—bring De La Fuente's claims, they are necessarily "contesting matters that they have had a full and fair opportunity to litigate" in De La Fuente's own original lawsuit.   *See id.* at 892 (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)).

After summary judgment was entered against De La Fuente in his original lawsuit against the Sherry, Olsen attempted to join that lawsuit as a party.   In denying Olsen's belated joinder attempt, the district court explained that Olsen was not a required party necessitating joinder under Federal Rule of Civil Procedure 19(a)(1) because "he is entitled to bring his own action against the Sherry."   *See De La Fuente v. Sherry Netherland, Inc.*, No. 17 Civ. 4759, 2019 WL 4409475, at *1 (S.D.N.Y. Sep. 16, 2019). What that incontrovertibly meant—entirely consistent with our preclusion principles— was that Olsen may bring *his own* claims which were not litigated in the De La Fuente action, and not that he might reassert *De La Fuente's* fully and fairly litigated claims based on Olsen's assigned percentage interest.[2]

---

[1]    This principle of adequate representation in this context—that is, the existence of "substantive legal relationships justifying preclusion"—is sometimes referred to as "privity."   *See Taylor v. Sturgell*, 553 U.S. 880, 894 n.8 (2008).

[2]    Olsen filed a 28(j) letter on February 23, 2026, *see* Fed. R. App. P. 28(j), in which he cited to cases supporting the proposition that preclusion is inapplicable where a claim has been expressly reserved for later adjudication.   As explained, there was no such express reservation here.   On March 2, Appellees

6

Finally, the District Court did not abuse its discretion by denying reconsideration. The District Court explained that Olsen "ha[d] not pointed to an intervening change in law, new evidence, or controlling law or facts that this Court overlooked," and that it remained "clear that he is seeking to relitigate claims that have already been adjudicated." *See Olsen v. Sherry Netherland, Inc.*, No. 20 Civ. 103, 2024 WL 2054816, at *5–7 (S.D.N.Y. May 7, 2024). We agree, and affirm on that basis.

## III. Conclusion

We have considered Olsen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment, and order entered on May 7, 2024, of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

filed their own 28(j) letter in response, listing authorities that they claim rebut Olsen's argument. On March 3, Olsen filed a response objecting to Appellees' letter for lack of time to respond, and there have been subsequent filings since. Because we do not accept Appellees' 28(j) letter, we need not consider Olsen's objection to the timing of its filing or the subsequent responses.